## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FREEDOM COMMUNICATIONS HOLDINGS, INC., et al.,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 09-13046 (BLS)<br>(Jointly Administered) |
| GONZALEZ CLASS ACTION PLAINTIFFS<br><br>                    Appellants<br><br>v.<br><br>FREEDOM COMMUNICATIONS HOLDINGS, INC., et al.,<br><br>                    Appellees | 09 Civ. 825 (SLR) |

## PREPETITION AGENT'S MOTION TO DISMISS THE APPEAL
## FOR LACK OF SUBJECT MATTER JURISDICTION

Of Counsel:

Richard Levin (*Pro Hac Vice* to be filed)
Robert H. Trust (*Pro Hac Vice* to be filed)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
rlevin@cravath.com
rtrust@cravath.com

Dated:  November 16, 2009

Richard W. Riley (No. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
RWRiley@duanemorris.com

**Counsel for JPMorgan Chase Bank, N.A**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aurelius Capital Master, Ltd. v. Tousa Inc., No. 08-61317-CIV-GOLD, 2009 U.S. Dist. LEXIS 12735 (S.D. Fla. Feb. 5, 2009) ................................................................3, 5

In re Bowen, Civ. No. 08-4724 (RBK), 2009 WL 1173522 (D.N.J. April 24, 2009) ....................4

In re Combustion Eng'g, Inc., 391 F.3d 190 (3d Cir. 2004)...........................................................3

In re Richardson Indus. Contractors, No. 05-5087, 2006 WL 1683466 (3d Cir. June 1, 2006) ...............................................................................................................................4, 5

In re Salant Corp., 176 B.R. 131 (S.D.N.Y. 1994) ........................................................................4

In re Student Fin. Corp., 335 B.R. 539 (D. Del. 2005)...................................................................2

Krebs Chrysler-Plymouth Inc. v. Valley Motors, Inc. 141 F.3d 490 (3d Cir. 1998)......................3

Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737 (3d Cir. 1995) ....................................3, 5

**Statutes & Rules**

11 U.S.C. § 362......................................................................................................................................1

Del. Bankr. L.R. 4001-2........................................................................................................................1

Fed. R. Bankr. 4001(b) .........................................................................................................................1

Fed. R. Civ. Rule 12(b)(1) ....................................................................................................................1

JPMorgan Chase Bank, N.A., as administrative agent (in such capacity, the "**Prepetition Agent**"), for itself and on behalf of a syndicate of senior secured lenders (collectively, the "**Prepetition Lenders**"), by and through undersigned counsel, hereby moves to dismiss the appeal of the Gonzalez Class Action Plaintiffs (the "**Plaintiffs**") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  In support hereof, the Prepetition Agent respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The appeal by the Gonzalez Class Action Plaintiffs (the "**Plaintiffs**") is premised on the claim that the Adequate Protection Payments[1] will irreversibly deprive them of a source of recovery.  This argument fails to acknowledge that the Plaintiffs are not entitled to any of the property used for the Adequate Protection Payments.  The Prepetition Lenders have a lien on substantially all the Debtors' property and are receiving their own Collateral.  The Plaintiffs have no interest or right that is being impaired by the Adequate Protection Payments and therefore lack standing to bring this appeal.  Without standing, the Plaintiffs' appeal should be dismissed for lack of subject matter jurisdiction.[2]

---

[1] Capitalized terms that are not defined herein shall have the meanings set forth in the Debtors' Motion for Interim and Final Orders (I) Authorizing Use of Prepetition Lenders' Cash Collateral Under 11 U.S.C. § 363, (II) Granting Adequate Protection Under 11 U.S.C. §§ 361, 362 and 363 and (III) Scheduling Final Hearing Under Fed. R. Bankr. Rule 4001(b) and Del. Bankr. L.R. 4001-2, filed with the Bankruptcy Court on September 1, 2009 (the "**Cash Collateral Motion**").

[2] The Prepetition Agent is filing this Motion to Dismiss because the appellants lack standing and the appeal should be dismissed for lack of subject matter jurisdiction.  The Prepetition Agent acknowledges that pursuant to the Standing Order Regarding Procedures To Govern Mediation of Appeals From The U.S. Bankruptcy Court For This District dated July 23, 2004 (the "**Standing Order**"), appeals in bankruptcy cases are referred to mediation and briefing is deferred during the pendency of the mediation.  To the extent the Standing Order applies to this Motion To Dismiss, further briefing on this Motion to Dismiss may be deferred until completion of the mediation.

## BACKGROUND

2.      On the Petition Date, the Debtors filed a motion in the bankruptcy court (the "**Bankruptcy Court**") for approval of a consensual order authorizing use of the Prepetition Lenders' Collateral, including Cash Collateral, and providing an adequate protection package for the Prepetition Lenders.  At the "first-day" hearing, the Bankruptcy Court issued an interim order (the "**Interim Order**") approving the agreement for the use of Cash Collateral, including the grant to the Prepetition Lenders of adequate protection in the form of replacement liens and periodic payments equal to non-default contractual interest under the Prepetition Credit Agreement plus certain fees and expenses.  Under the Interim Order, the Debtors also stipulated that the Prepetition Lenders have a valid, perfected, first-priority lien on substantially all the Debtors' assets, including cash.  Interim Order ¶¶ 5, 7; see also Final Order ¶¶ 5, 7.

3.      On October 14, 2009, the Bankruptcy Court held an evidentiary hearing on a final order (the "**Final Order**") providing for substantially the same relief set forth in the Interim Order.  The Plaintiffs objected to the payment of interest and fees to the Prepetition Lenders pursuant to paragraph 10(c) of the Final Order.  The Bankruptcy Court overruled the objection and issued the Final Order on October 15, 2009.  The following day, on October 16, 2009, the Plaintiffs filed a notice of appeal with respect to the Final Order.

## ARGUMENT

4.      The Prepetition Lenders, as secured creditors, are entitled to recover ahead of the Plaintiffs, who are unsecured.  As a result, the Plaintiffs do not have an interest or right impaired by the Adequate Protection Payments and therefore lack standing to appeal such relief.  Without standing, the Court should dismiss the Plaintiffs' appeal for lack of subject matter jurisdiction.

See In re Student Fin. Corp., 335 B.R. 539, 545 (D. Del. 2005) ("[A] court may … dismiss an action for lack of subject matter jurisdiction if the plaintiff lacks standing to bring his claim.").

5.      Courts have noted a "'particularly acute' need to limit appeals in bankruptcy proceedings, which often involve a 'myriad of parties ... indirectly affected by every bankruptcy court order'".   In re Combustion Eng'g, Inc., 391 F.3d 190, 215 (3d Cir. 2004) (quoting Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 741 (3d Cir. 1995)).  As a result,  "the standing requirement in bankruptcy appeals is more restrictive than the 'case or controversy' standing requirement of Article III",  Travelers, 45 F.3d at 741, and "is limited to 'persons aggrieved' by an order of the bankruptcy court", In re Combustion Engineering, 391 F.3d at 214. An individual is aggrieved if their "pecuniary interests are directly and adversely affected by a bankruptcy court order that 'diminishes their property, increases their burdens, or impairs their rights'".  Krebs Chrysler-Plymouth Inc. v. Valley Motors, Inc. 141 F.3d 490, 495 (3d Cir. 1998) (quoting Travelers, 45 F.3d at 741).   Here, the Plaintiffs do not have standing because the challenged provision of the Final Order does not diminish their property or affect their rights. The provision authorizes the payment of funds owed to the Prepetition Lenders who  by virtue of their liens are ahead of the Plaintiffs in priority.

6.      A court has held that there can be no standing in precisely these circumstances.  In Tousa, unsecured note holders appealed a cash collateral order that provided for payments to secured lenders.  Aurelius Capital Master, Ltd. v. Tousa Inc., No. 08-61317-CIV-GOLD, 2009 U.S. Dist. LEXIS 12735, at *27 (S.D. Fla. Feb. 5, 2009).  The court held that, as unsecured creditors down the chain of priority, the note holders lacked standing to appeal the cash collateral order, reasoning that even if the payments "at this stage were improper, Minority Noteholders suffer no direct pecuniary injury as they are not entitled to any portion of the [payments at

issue]".  <u>Id.</u> at *28.  The Plaintiffs are similarly situated to the noteholders as unsecured creditors

appealing payments to secured creditors under a cash collateral order.  Just as the noteholders in

<u>Tousa</u>, the plaintiffs are not harmed financially by the payments at issue.

7.     Other courts have held that unsecured creditors lack standing to appeal payments

to secured creditors on account of secured claims.  In <u>In re Bowen</u>, the court dismissed an appeal

brought by an unsecured creditor, who was protesting an order releasing the proceeds from the

sale of a debtor's residence to a bank which had held a mortgage on the property.  The court

concluded that the appellant "was not aggrieved" by the order, as it had no right to the proceeds

of the sale.  <u>In re Bowen</u>, Civ. No. 08-4724 (RBK), 2009 WL 1173522, at *2 (D.N.J. April 24,

2009).  Similarly, in <u>In re Richardson Industrial Contractors</u>, an unsecured creditor appealed an

order allowing payments to a secured creditor. The court dismissed the appeal because the

unsecured creditor "possesses an unsecured interest and, thus, no matter what priority the

Bankruptcy Court assigns …, [secured creditors] will be entitled to recover any remaining

proceeds before [him]".  No. 05-5087, 2006 WL 1683466, at *2 (3d Cir. June 1, 2006).

8.     Another case supports the more general proposition that parties in interest in a

bankruptcy case do not have standing to appeal payments by a debtor's estate to any party with a

higher priority claim.  In <u>In re Salant Corp.</u>, the court found that the committee of equity security

holders did not have standing to appeal an order approving bonus payment to the debtor's CEO.

176 B.R. 131, 134 (S.D.N.Y. 1994).  The <u>Salant</u> court held that the committee did not have

standing because none of the funds at issue would have been paid to equity holders in any event.

<u>Id.</u>

9.     These cases establish that creditors and equity interest holders are not "aggrieved"

by payments to holders of higher priority claims.  This principle applies here <u>a fortiori</u>, since the

Prepetition Lenders have liens on substantially all of the Debtors' assets and, therefore, are receiving their own collateral.  The Debtors have stipulated that the Prepetion Lenders hold a valid, perfected, first-priority lien on substantially all the Debtors' assets, including cash, and the Plaintiffs have not presented any evidence to the contrary.  Having failed to present such evidence in the Bankruptcy Court, the Plaintiffs cannot establish standing here by speculating about the validity or the scope of the Prepetition Lenders' liens.  <u>See</u> <u>In re Richardson</u>, 2006 WL 1683466, at *2 (concluding that speculation that a future ruling might alter the priority scheme is not "sufficient to establish a direct injury for the purposes of appellate standing in this case"); <u>Travelers</u>, 45 F.3d at 742 (concluding that creditor may not establish standing if "its interest is too contingent").  Because the Gonzalez Plaintiffs are challenging payments of funds to which they are not entitled, they cannot show a "direct pecuniary injury" and therefore lack standing. <u>Tousa</u>, 2009 U.S. Dist. LEXIS 12735, at *28.  Without standing, the Plaintiffs' appeal should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

10.     For the foregoing reasons, the Prepetition Agent requests that the Court dismiss the appeal.

Dated: November 16, 2009             Respectfully Submitted,
Wilmington, Delaware

                                     */s/ Richard W. Riley*
                                     Richard W. Riley (No. 4052)
                                     DUANE MORRIS LLP
                                     1100 North Market Street, Suite 1200
                                     Wilmington, Delaware 19801
                                     Telephone:  (302) 657-4900
                                     Facsimile:  (302) 657-4901
                                     RWRiley@duanemorris.com

                                     - and -

                                     Richard Levin (*Pro Hac Vice* to be filed)

Robert H. Trust (*Pro Hac Vice* to be filed)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
rlevin@cravath.com
rtrust@cravath.com

*Counsel for JPMorgan Chase Bank, N.A.*