IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| FREEDOM COMMUNICATIONS | ) Chapter 11 |
| HOLDINGS, INC., et al., | ) Bankr. No. 09-13046 (BLS) |
| | ) (Jointly administered) |
| Debtors. | ) |


| | |
|---|---|
| GONZALEZ CLASS ACTION | ) |
| PLAINTIFFS, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) Civ. No. 09-825-SLR |
| | ) |
| FREEDOM COMMUNICATIONS | ) |
| HOLDINGS, INC., et al., | ) |
| | ) |
| Apellees. | ) |


**MEMORANDUM ORDER**

At Wilmington this 4th day of December, 2009, having reviewed appellants'

motion for stay pending appeal and the papers submitted in connection therewith, and

having heard oral argument on the same;

IT IS ORDERED that said motion (D.I. 7) is denied, for the reasons that follow:

1. **Standard of review.** A party moving for a stay pending appeal has the

burden of showing the following four factors:

> (1) whether the stay applicant has made a strong showing that he
> is likely to succeed on the merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)); *see also In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 520 (Bankr. D. Del. 2007). No single factor should be considered in isolation; rather, the court must balance and weigh all relevant factors. *See In re Calabria*, 407 B.R. 671, 678 (Bankr. W.D. Pa. 2009) ("[F]ailure to satisfy any one of the four factors . . . might not necessarily be fatal to a motion for stay pending appeal. Rather, to determine whether a stay pending appeal is warranted, the court is to balance each of the factors at issue and examine individualized considerations relevant to the case.").

2. **Background.** By order issued October 15, 2009 ("the Order"), the bankruptcy court authorized the debtors to use prepetition lenders' collateral, including cash collateral (pursuant to 11 U.S.C. § 363), and provided an adequate protection package for the prepetition lenders (pursuant to §§ 361, 362 and 363), including the payment of interest, fees and expenses. (D.I. 13, ex. D at ¶ 10) Appellants appeal the adequate protection payments, applying the reasoning of the Supreme Court in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365 (1988) ("*Timbers*"). More specifically, appellants argue that, because the prepetition lenders at bar are undersecured and the bankruptcy court made no finding on actual diminution of value of the collateral, the prepetition lenders at bar are not entitled to the payment of interest and fees under 11 U.S.C. § 506(b).

3. **Analysis.** Consistent with the reasoning of the bankruptcy court, I find that

2

appellants have failed to justify a stay pending appeal. With respect to the four factors I
am required to address:

a. **Likelihood of success on the merits.** In considering the likelihood
of success on the merits, courts may focus "'on whether the movant seeks to raise
issues on appeal that are substantial, serious, and doubtful so as to make them fair
ground for litigation.'" *In re Calabria*, 407 B.R. at 678 (citations omitted). In this case,
appellants argue that the payment of interest and fees authorized in the cash collateral
order violates the Supreme Court's holding in *Timbers* and, therefore, their appeal
raises a substantial issue.

b. Assuming for purposes of this proceeding that the prepetition lenders
at bar are undersecured, nevertheless, I conclude that the recharacterization provision
of the Order satisfies *Timbers*.[1] More specifically, the bankruptcy code permits a
secured creditor, including an undersecured creditor, to receive periodic adequate
protection payments against the risk of diminution in value of the collateral. *See* 11
U.S.C. §§ 361, 362, 363; *In re Price*, 370 F.3d 362, 373 (3d Cir. 2004) ("A secured
creditor retains the right to 'adequate protection' of its collateral, which means it is
entitled to have the value of its collateral maintained at all times . . . ."). The Order
provides such protection, with the "amount of any such diminution [in value] being
referred to . . . as the 'Adequate Protection Obligations.'" (D.I. 13, ex. D, ¶ 10 at 13-14)

---

[1]Appellees argue that *Timbers* does not apply because they are not seeking
compensation for the delay caused by the automatic stay. (D.I. 10 at 16) However,
paragraph 10 of the Order provides for adequate protection in an amount equal to the
aggregate diminution in value of their interests resulting from not only the use of the
cash or other prepetition collateral, but from "the imposition of the automatic stay." (D.I.
13, ex. D, ¶ 10 at 13)

3

Although the validity of the "Adequate Protection Obligations" is preserved under the Order, the payment of interest, fees and expenses is not so protected and is subject to recharacterization as principal pursuant to ¶ 10(c) of the Order. (*See* D.I. 13, ex. D, ¶ 10(c) at 18 and ¶ 17(c) at 27-28) Therefore, the concern of the Supreme Court in *Timbers* has been addressed and the appeal does not raise a substantial issue in this regard.

c. **Irreparable harm and the balance of harms.** Assuming, for purposes of this proceeding, that economic harm can be deemed irreparable, nevertheless, appellants have failed to sufficiently demonstrate actual economic harm. Given that the adequate protection payments come from the collateral securing the prepetition lenders' claims, not from assets to which appellants would otherwise be entitled, it is not clear how such payments will reduce appellants' potential recovery when, under the recharacterization provision of the Order, the payments will be applied to the prepetition lenders' claims, whether for principal or interest depending on whether said lenders are undersecured. With respect to the balance of harms, the record indicates that the debtors need cash on a going forward basis in order to fund the business enterprise and are concerned that any risk to the availability of such funding will jeopardize reorganization efforts. (D.I. 13, ex. F at 34) Consistent with its view that the objections to the Order implicated broader confirmation issues, the bankruptcy court emphasized that the cash collateral ruling did not foreclose further argument on such issues or foreordain their disposition but, instead, afforded sufficient flexibility to the court and parties to move the case

4

forward to ultimate resolution without undue prejudice to any creditor.[2]  (D.I. 13:  ex. C at 203-206 and ex. F at 33-34)  Under these circumstances, I agree with the bankruptcy court's conclusion that the balance of harms does not weigh in appellants' favor.

d. **Public interest.**  The bankruptcy court is a court of equity.  The reorganization of a business enterprise comprises a complex balancing act between the the debtor, the secured creditors, the unsecured creditors, and other interested parties, all overseen by the bankruptcy court.  The public has an interest in the fair and judicious application of the bankruptcy laws to the specific facts of each case. Appellants have not demonstrated that the record at bar invokes the public interest factor in their favor.

United States District Judge

---

[2]As opposed to, for example, consuming scarce resources in interim valuation proceedings.

5